**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED NATURAL FOODS, INC.,<br>                Plaintiff,<br>v.<br>WAY OF WILL, INC.,<br>                Defendant. | Civil Action<br>No. |

**COMPLAINT**

Plaintiff, United Natural Foods, Inc. ("UNFI"), by its undersigned counsel, brings this action against Defendant, Way of Will, Inc. ("WOW" or "Supplier") for breach of contract and open book account. For its Complaint, UNFI alleges upon knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

**NATURE OF THE ACTION**

1. UNFI and Supplier are parties to a Supplier Agreement dated as of April 24, 2020 (the "Supplier Agreement"), whereby Supplier agreed to supply products to UNFI in accordance with the terms and conditions set forth therein.

2. UNFI is contractually permitted to take certain deductions from the amounts that Supplier bills UNFI for the products sold. For example, UNFI may take deductions for returned or defective products, spoilage, disposition of aged inventory, and customer promotions that UNFI funded on Supplier's behalf which are subsequently "passed through" to Supplier. If the deductions taken cannot be offset against Supplier's pending invoices, however, then UNFI is entitled to bill Supplier for any unpaid amounts. UNFI did so here, but Supplier did not pay UNFI what it owed. As a result of unpaid invoices for deductions taken by UNFI, Supplier owes UNFI the sum of $147,579.54 (the "Payables Claims").

3. Accordingly, UNFI brings this action to recover the amount of **$147,579.54** plus prejudgment interest, costs and reasonable attorneys' fees pursuant to the Payables Claims.

## PARTIES

4. UNFI is a Delaware corporation with its principal place of business in Providence, Rhode Island. UNFI is a distributor of natural, organic, specialty foods and conventional grocery and non-food products, and a provider of professional support services in the United States and Canada.

5. WOW is, upon information and belief, a corporation organized under the laws of Ontario, Canada, and has its principal office at 110 Mack Avenue – Unit 1-A, Scarborough, ON MIL 1N3 Canada.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this is an action by a citizen of a State brought against a citizen or subject of a foreign state—i.e., Canada—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Pursuant to Fed. R. Civ. P. 4(k)(1)(A), this Court may exercise personal jurisdiction over Supplier to the extent that it is subject to the jurisdiction of a court of general jurisdiction in the State of Rhode Island.

8. Supplier is subject to the jurisdiction of Rhode Island courts pursuant to the General Laws of the State of Rhode Island, § 9-5-33(a), which subjects to Rhode Island jurisdiction every "foreign corporation … that shall have the necessary minimum contacts with the state of Rhode Island … in every case not contrary to the provisions of the constitution or laws of the United States."

9. Supplier is also subject to the jurisdiction of Rhode Island courts because, in Paragraph 17(F) of the Supplier Agreement, Supplier agreed that "[t]he courts of the State of Rhode Island and the federal courts located therein shall have exclusive jurisdiction over all matters arising from this Agreement."

10. Therefore, Supplier is subject to personal jurisdiction in this Court.

11. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391. Venue is also proper under Paragraph 17(F) of the Supplier Agreement.

## FACTUAL ALLEGATIONS

12. UNFI and Supplier entered into the Supplier Agreement effective April 24, 2020. The Supplier Agreement is a legally valid, binding, and enforceable contract between UNFI and Supplier.

13. Pursuant to the Supplier Agreement, UNFI purchased and distributed to its customers (*i.e.*, supermarkets and other retailers) certain food products, non-food products and/or supplements (defined in the Supplier Agreement as "Products") manufactured by Supplier.

14. The Supplier Agreement sets forth the terms and conditions pursuant to which UNFI agreed to purchase Supplier's Products.

15. Various provisions of the Supplier Agreement permit UNFI to take deductions from the amounts it owes to Supplier for things like advertising expenses, as well as returned or defective products. *See generally* Agmt. §§ 5 & 12. The Supplier Agreement also requires Supplier to "comply with the lumper and shipper policies set forth in the Supplier Policies." Agmt. § 16.

16. In particular, Section 5 of Supplier Agreement provides in part that:

   a. "… All appropriate deductions and fees, including, but not limited to, those deductions and fees set forth in the UNFI Supplier Policies and Guidelines, will be deducted from UNFI's payments to Supplier. In the event that UNFI cannot

deduct amounts due within thirty (30) days, UNFI shall bill Supplier. Any such amounts billed shall be due upon receipt of invoice." Agmt. § 5(A)(5).

b. "UNFI may offset amounts due by UNFI to Supplier with amounts due by Supplier to UNFI." Agmt. § 5(A)(8).

c. "All advertising invoices will be deducted from UNFI's payment to Supplier." Agmt. § 5(B)(1).

17. Pursuant to the Supplier Agreement, Supplier is also obligated to reimburse UNFI certain amounts payable in connection with manufacturer chargebacks ("MCBs"). For example, Section 12(B) of the Agreement provides that "UNFI may refuse to accept Unacceptable Products. If Unacceptable Product has been delivered to UNFI or if, after delivery to UNFI or its customer, the Product becomes or is discovered to be Unacceptable Product, Supplier shall accept Products for return and full credit with freight paid by Supplier."

18. Pursuant to the Agreement, UNFI took deductions from amounts due to Supplier. The bases for claimed deductions, including MCBs and other matters, are set forth in various deduction invoices which were transmitted to Supplier.

19. Attached hereto as **Exhibit 1** and incorporated by reference herein is a statement of the amounts payable by Supplier to UNFI ("Payables Statement") showing that the amount of $147,579.54 is due to UNFI. The Payables Statement gives appropriate credit to Supplier for any open invoices for Products purchased by UNFI.

20. On January 10, 2023, UNFI sent written demand to Supplier for payment of the outstanding amounts due as set forth on the Payables Statement. Supplier has failed to make payment or make satisfactory arrangements to pay.

## COUNT I
### (Breach of Contract)

21. UNFI repeats and realleges the allegations contained in the foregoing paragraphs 1 through 20 as if fully set forth herein.

22. Unless otherwise excused, UNFI has performed all conditions, covenants, and promises required under the terms and conditions of the Supplier Agreement.

23. UNFI is owed the amount of $147,579.54, as set forth in the Payables Statement, for various items including adjustments for unacceptable products, spoilage allowances, customer promotions, and various additional chargebacks, all as reflected in the Payables Statement.

24. Supplier has breached the Supplier Agreement by failing to pay the amount set forth in the Payables Statement.

25. As a proximate cause of Supplier's breaches of its contractual obligations under the Supplier Agreement, UNFI has suffered damages in an amount not less than $147,579.54, plus interest, costs, and attorneys' fees.

## COUNT II
**(Book Account)**

26. UNFI incorporates by reference the allegations set forth above in paragraphs 1 through 25 as if fully set forth herein.

27. As of the date of this Complaint, UNFI's books and records indicate that Supplier owes UNFI a total of $147,579.54 on account of the Payables Claims.

28. Supplier has failed to pay the $147,579.54 that it owes to UNFI.

29. Therefore, Supplier owes UNFI the amount of $147,579.54, plus prejudgment interest, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, UNITED NATURAL FOODS, INC., respectfully requests that this Honorable Court enter judgment against Defendant, WAY OF WILL, INC., as follows:

a. For compensatory damages in the principal amount of $147,579.54;

b. For prejudgment interest at the Rhode Island statutory rate of 12% running from the date of demand (January 10, 2023) to the date of judgment ($5,919.35 through May 12, 2023 and $48.52 each day thereafter);

c. For the costs of suit herein, including reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45; and

d. For such other relief as the Court deems just and proper.

DATED: May 12, 2023

Respectfully submitted,

UNITED NATURAL FOODS, INC.,

By Its Attorneys,

*/s/ Daniel E. Burgoyne*
Daniel E. Burgoyne (#7541)
Christian R. Jenner (#7731)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
Tel: 401-861-8200
Fax: 401-861-8210
dburgoyne@psh.com
cjenner@psh.com

4458008.3/16153-20